**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Fred HARPER, Defendant-Appellant.**

**No. 11845.**

United States Court of Appeals
Seventh Circuit.

Jan. 23, 1957.

Fred Harper pro se.

Robert Tieken, U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from an order denying a motion by the petitioner, Fred Harper, to vacate judgment and sentence pursuant to 28 U.S.C.A. § 2255.

The petitioner not being present for oral argument, the government waived argument and this appeal was submitted on the record and briefs.

Petitioner was indicted on April 15, 1955, for violation of the Bank Robbery Act, 18 U.S.C.A. § 2113, and was found guilty as charged in a trial by jury. Petitioner's motion for a new trial was denied, and on June 30, 1955, he was sentenced for a term of twenty years. On June 30, 1956, petitioner, *pro se,* filed the motion here involved. The District Court, after having examined the petition and the files and records in the case, determined that they conclusively showed that the petitioner was entitled to no relief and accordingly denied the petition. The question presented by this appeal is whether the indictment under which petitioner was convicted stated an offense under 18 U.S.C.A. § 2113.

The indictment charged that petitioner, with others, did, on or about March 28, 1955, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division, "by force, violence and intimidation, feloniously take from and from the presence of the employees of a bank, to wit, Service Federal Savings and Loan Association, 104 East 51st Street, Chicago, Illinois, a Federal Savings and Loan Association, a sum of money, to wit, approximately $2,832.95, which money was then and there in the care, custody, control, management and possession of the aforesaid Service Federal Savings and Loan Association." The grand jury also charged that "in committing the offense above described, defendants Charles Gray and John Doe, alias My Man, did put in jeopardy the lives of the employees and customers of the Service Federal Savings and Loan Association by the use of dangerous weapons, to wit, firearms: all in violation of Section 2113, Title 18, United States Code."

Petitioner contends that the indictment is defective because it failed to allege that the Service Federal Savings and Loan Association was a member of

the Federal Deposit Insurance Corporation (we assume the petitioner intended to refer to the Federal Savings and Loan Insurance Corporation) and that it, the Service Federal Savings & Loan Association, was operating under a certificate issued by the Federal Deposit Insurance Corporation.

Subsection (g) of section 2113, 18 U.S.C.A., defines the term "savings and loan association" as used in section 2113 as "any Federal savings and loan association and any 'insured institution' as defined in section 401 [12 U.S.C.A. § 1724] of the National Housing Act, as amended."

The indictment in the instant case specifically charged petitioner with the crime of feloniously taking a sum of money from, and from the presence of the employees of, the Service Federal Savings and Loan Association, *a federal savings and loan association.* This charge is predicated upon the first portion of the definition in subsection (g), *i.e.,* robbery of a federal savings and loan association, and not of an insured institution. The distinction is real. A federal savings and loan association is an institution chartered by the Home Loan Bank Board pursuant to section 5 of the Home Owners' Loan Act of 1933, as amended, 12 U.S.C.A. § 1464, and as such it is an agency and instrumentality of the United States. People of State of California v. Coast Federal Savings & Loan Ass'n, D.C.S.D.Cal., 98 F.Supp. 311, and cases cited therein. Insured institutions are institutions organized and operated according to the laws of the state, district, territory or possession in which they are chartered or organized whose accounts are insured by the Federal Savings and Loan Insurance Corporation under sections 1724-1730, 12 U.S.C.A. See 1952 U.S.Code Cong. and Adm.News, p. 1387; 1950 U.S.Code Cong.Service, p. 2863. The Federal Savings and Loan Insurance Corporation is obligated to insure the accounts of all federal savings and loan associations whereas it *may* insure the accounts of other savings and loan type institutions. 12 U.S.C.A. § 1726(a).

The crime here charged was not an offense against the laws of the United States merely because the accounts of the Service Federal Savings and Loan Association were insured by the Federal Savings and Loan Insurance Corporation as would have been the case if the institution involved had been a state-chartered association. Therefore, it was not necessary to allege in this indictment that the funds were insured.

The order is affirmed.