**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Cecil Lester WRIGHT, Defendant-
Appellant.**

**No. 15217.**

United States Court of Appeals
Seventh Circuit.

July 28, 1966.

Rehearing Denied Aug. 22, 1966.

John Powers Crowley, Chicago, Ill., Cecil Lester Wright, in pro. per., for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Hammond, Ind., for appellee.

Before KNOCH, KILEY and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

The defendant-appellant, Cecil Lester Wright, was charged in a two-count information with violating (1) Title 18, U.S.C. § 2113(a) by entering the Security Federal Savings and Loan Association of Lake County, at St. John, in the State of Indiana, which is federally chartered and whose deposits were insured by the Federal Savings and Loan Insurance Corporation, with intent to commit a felony therein; and (2) Title 18 U.S.C. § 2115 by breaking into a U. S. Post Office at St. John, Indiana, with intent to commit a felony therein; all on the night of January 1–2, 1965.

Although advised of his right to counsel and to indictment by Grand Jury, the defendant, who stated at one point that he had a law degree, waived assistance of counsel and consented to trial on information. He was found guilty as to both counts after trial by jury and was sentenced to serve 20 years on Count I and 5 years on Count II, concurrently. This appeal followed.

The defendant contends that the information is fatally defective in that

Count I named the institution as the "Security Federal Savings and Loan Association," with deposits insured by the Federal Savings and Loan Insurance Corporation, and then went on to say that the defendant entered with the intent to commit a felony in "such bank." Insofar as the proof established that the institution was an "association" the defendant contends that the proof fell short.

We believe that the information does state the elements of the offense adequately to enable the defendant to prepare for trial and to avoid double jeopardy. United States v. Shavin, 7 Cir., 1961, 287 F.2d 647, 650, 90 A.L.R.2d 888; Stapleton v. United States, 9 Cir., 1958, 260 F.2d 415, 417, and that the commission of the offense charged was proved.

 The defendant attacks the information on the further ground that it was signed by an Assistant United States Attorney and not by the "attorney for the government" as required by Rule 7, Federal Rules of Criminal Procedure. The information here is signed: Alfred W. Moellering, United States Attorney, by Lester R. Irvin, Assistant United States Attorney. We think this is sufficient. We also hold that the signature of the prosecuting attorney is not an essential part of the information; nor is improper signing of the instrument a defect such as to invalidate it. See United States v. Keig, 7 Cir., 1964, 334 F.2d 823, 827, and cases there cited. The primary purpose served by affixing the U. S. Attorney's signature to an indictment is to indicate that he joins with the Grand Jury in instituting a criminal proceeding. Without his agreement no criminal proceeding could be brought on the indictment. See United States v. Cox, 5 Cir., 1965, 342 F.2d 167, 172, where the Court declined to interfere with the government attorney's discretion in this regard. In this case, there is no refusal by the U. S. Attorney to proceed with prosecution.

 The defendant further contends that § 2113(a) is unconstitutional as an attempt by Congress to exceed its legislative authority in proscribing "any larceny" by virtue of the fact that the limitation placed on "any felony" ("affecting such bank or such savings and loan association and in violation of any statute of the United States") in the same statute is not repeated. The section reads:

§ 2113. Bank robbery and incidental crimes

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than

$1,000 or imprisoned not more than one year, or both.

(c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, or a savings and loan association, in violation of subsection (b) of this section shall be subject to the punishment provided by said subsection (b) for the taker.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct.

(f) As used in this section the term "bank" means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, and any bank the deposits of which are insured by the Federal Deposit Insurance Corporation.

(g) As used in this section the term "savings and loan association" means any Federal savings and loan association and any "insured institution" as defined in section 401 of the National Housing Act, as amended, and any "Federal credit union" as defined in section 2 of the Federal Credit Union Act. As amended Apr. 8, 1952, c 164,

66 Stat. 46; Sept. 22, 1959, Pub.L. 86-354, § 2, 73 Stat. 639.

The information does not charge commission of a larceny, but we are satisfied that a reasonable interpretation of the statute would hold that the limitation inserted as to "any felony" is equally applicable to "any larceny."

■ It is asserted that admission into evidence of some of the defendant's statements which made reference to other crimes in addition to those for which he was being tried deprived him of a fair trial. The defendant contends that it was unnecessary to present this evidence in the course of the government's case in chief to show intent because there was no need to rebut any assertion on his part that he had innocently entered the savings and loan association or the post office. He was claiming not to have committed the acts charged.

Most of these statements concerned other establishments into which the defendant had broken on the same night of January 1-2, 1965. Guilty intent was an element of the charges here and evidence of similar, related offenses tended to show a consistent pattern of conduct relevant to the issue of intent. Nye & Nissen v. United States, 1949, 336 U.S. 613, 618, 69 S.Ct. 766, 93 L.Ed. 919.

■ Robert Mattingly, a police officer employed in the Lake County Police Department, testified that at 4:42 a. m. on January 2nd, 1965, he had taken a statement from the defendant. An objection was made to admission of this statement on the ground that it contained extraneous matter having no bearing on the issues before the jury.

In the course of his confession to committing four burglaries that night, the defendant said in response to a request for his address: "The address that I gave when I posted bond for burglary in Marshall, Illinois, was 1003 Adams Street, Charlestown, Illinois. That is my brother's address."

No specific objection was made to the defendant's volunteered statement in answering a request for his address, as dis-

tinguished from his confession, in the same interchange of question and answer, to breaking and entering a hardware store, the Savings and Loan Association, the Post Office, and the iron works.

In the light of the defendant's prior objections to examination of a previous witness with respect to other crimes allegedly committed the same night, the defendant made it abundantly clear that it was evidence of these related crimes to which he was objecting.

Under all the attendant circumstances, we believe that admission of the defendant's unresponsive answer to a request for his address was not of sufficient gravity to justify reversal of the judgment here.

■ The defendant asserts that an essential element of the offense was omitted in instructing the jury[1] in that the jury were not told that they must find that the deposits of the association were insured by the Federal Savings and Loan Insurance Corporation. The information which the Court read as part of the instruction described the association as:

> \* \* \* the Security Federal Savings and Loan Association of Lake County, at St. John, State of Indiana, the deposits of which were then insured by the Federal Savings and Loan Insurance Corporation, No. 1064, dated December 7, 1935, and Charter Number 927, dated April 6, 1937, \* \* \*

Evidence had been introduced to prove that description which was not contested. We believe that the instruction must have been clear to the jury. The jurors could not have been misled into believing that they could find the defendant guilty of the charge in the absence of proof beyond a reasonable doubt that the association was as described in the information. The association here was shown to be federally chartered—not an institution chartered by a state and merely insured by a federal agency. United States v. Harper, 7 Cir., 1957, 241 F.2d 103.

[1]. The Court instructed the Jury:

As I previously informed you, the defendant has been charged in a two-Count Information; to which charges he has entered a plea of not guilty. In Count I, the defendant is charged as follows:

"On or about the 2nd day of January, 1965, in the Northern District of Indiana, Cecil Lester Wright did enter the Security Federal Savings and Loan Association of Lake County, at St. John, State of Indiana, the deposits of which were then insured by the Federal Savings and Loan Insurance Corporation, No. 1064, dated December 7, 1935, and Charter Number 927, dated April 6, 1937, with intent to commit in such bank a felony affecting such bank, that is, the taking and carrying away, with intent to steal and purloin, property and money belonging to and in the care, custody, control, management, and possession of the bank, in violation of Section 2113(a), Title 18 of the United States Code."

The particular section of the statute or law which the defendant is charged with violating in Count I, reads as follows:

"Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny \* \* \*" shall be punished.

In connection with the charge in Count I, I instruct you that it is not necessary that the intended felony or larceny actually be accomplished or that the Savings and Loan Association is entered during business hours, or that anyone has to be present when it is entered.

Therefore, if you find from all the evidence and beyond a reasonable doubt that the defendant entered the Security Federal Savings and Loan Association in St. John, Indiana, on or about January 2, 1965, with the intention of stealing money or other property in that Savings and Loan Association, then you would be justified in finding the defendant guilty of the offense charged in Count I of the Information.

■ The Court also instructed the jury with respect to "reasonable doubt."[2] The defendant singles out the phrase:

"It does not furnish a shield for those actually guilty to escape merited punishment."

The defendant asserts that this phrase is so coercive in effect as to negative all the rest of the instruction. The defendant reasons that the doctrine of reasonable doubt does and must furnish a shield to those who are actually guilty where the prosecution has not proved its case beyond a reasonable doubt. The defendant also considers that the Court erred in instructing the jury that they would have attained such a degree of certainty as to exclude reasonable doubt "if you are so convinced by the evidence * * that as prudent jurors you would feel safe to act upon such conviction in matters of highest concern to your own dearest and most important interests. * * *." The defendant points to criticism of the wording "willing to act" in Scurry v. United States, 1965, 120 U.S.App.D.C. 374, 347 F.2d 468. The defendant's view is that the jury should have been advised in terms of the kind of doubt which would make a person hesitate to act. We believe that a clear distinction exists between the wording "willing to act" and "feel safe to act." No objection was made to this instruction at the trial, but the defendant asks us to consider the wording used by the

Court as constituting plain error. Rule 52(b), Federal Rules of Criminal Procedure.

We have carefully scrutinized the instruction as a whole pursuant to the teachings of Holland v. United States, 1954, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 731. We are satisfied that although susceptible of improvement in wording, the instruction does adequately convey the concept of reasonable doubt.

■ The defendant argues that under the rationale of Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (the proof showing that a larceny had in fact been committed) prosecution should have been based on Title 18 U.S.C. § 2113(b) and not on § 2113(a). The defendant states that the entry with intent merged into the completed crime. Defendant is concerned with the higher permissible maximum punishment for entry with intent to commit a felony under § 2113(a) as compared to the maximum permitted for mere carrying away with intent to steal under § 2113(b).

We do not have any such pyramiding of consecutive sentences imposed under the several paragraphs of the statute as in Prince. The defendant was charged and convicted of only one offense under § 2113(a).

■ The issue of the voluntary nature of incriminating statements made by the defendant was the subject of a

2. The Court instructed the jury:

The rule of law defining reasonable doubt is a practical rule, intended to guide practical jurors when engaged in the serious and important duty of administering justice. It is not every doubt, however, that is a reasonable one. You are not warranted in considering as reasonable those doubts that may be merely speculative or products of the imagination. A reasonable doubt arises, or exists in the mind, naturally, as a result of the evidence or lack of evidence. There is nothing in it that is mysterious or fanciful. It does not furnish a shield for those actually guilty whereby to escape merited punishment. It does not contemplate absolute or mathematical certainty.

Despite every precaution that may be taken to prevent it, there may be in all matters depending on human testimony for proof, a mere possibility of error. But in this case, if you are so convinced by the evidence—considering all the facts and circumstances in evidence as a whole—of the guilt of this defendant as charged, that as prudent jurors you would feel safe to act upon such conviction in matters of highest concern to your own dearest and most important interests, under circumstances where there was no compulsion or coercion upon you to act at all, then you will have attained such a degree of certainty as excludes reasonable doubt and authorizes conviction.

hearing on his motion to suppress. The Trial Court found that the statements were made knowingly and voluntarily in the absence of either coercion or ignorance of Constitutional rights. Our study of the transcript of the testimony at the hearing on the motion to suppress shows that the Court's findings were well supported by the evidence.

We have reviewed all other points raised on behalf of the defendant, but consider them to be equally lacking in merit.

The Court is grateful to Mr. John Powers Crowley of the Illinois Bar, Court-appointed counsel, whose dedicated representation of the defendant-appellant with skill and ingenuity is greatly appreciated.

The judgment of the District Court is affirmed.

Affirmed.