**UNITED STATES of America, Plaintiff,**

v.

**Charles Layton COX, Defendant.**

No. 67–CR–183.

United States District Court
E. D. Wisconsin.

June 12, 1968.

James B. Brennan, U. S. Atty., by Thomas E. Weil, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Michael A. Clarke, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

The defendant, Charles Layton Cox, was found guilty of bank robbery by a jury on March 29, 1968. On April 25, 1968, this court heard arguments on defense motions for judgment of acquittal, new trial, and arrest of judgment. The motions for judgment of acquittal and new trial were denied, and further briefs were ordered on the motion for arrest of judgment. The basis for the motion to arrest judgment is that the indictment was fatally defective in that it failed to allege that the bank was federally chartered or insured. It is argued that without language in the indictment alleging that the bank was insured by the Federal Deposit Insurance Corporation, the indictment fails to charge a federal offense and that, therefore, this court was without jurisdiction of the case. No language appeared in the indictment of Mr. Cox alleging that the Silver Lake State Bank was insured by the Federal Deposit Insurance Corporation.

The indictment reads as follows:

"THE GRAND JURY CHARGES:

"That on or about November 17, 1967, at Silver Lake, Kenosha County, in the State and Eastern District of Wisconsin, CHARLES LAYTON COX did by intimidation take from the presence of certain employees of the Silver Lake State Bank money in the care, custody and control of the said Silver Lake State Bank in violation of Section 2113(a), Title 18, United States Code of Laws.

"COUNT II

"THE GRAND JURY FURTHER CHARGES:

"That on or about November 17, 1967, at Silver Lake, Kenosha County, in the State and Eastern District of Wisconsin, the same said defendant named in Count One of this Indictment, while committing the offense alleged in Count One of this Indictment, did assault and put in jeopardy the lives of certain employees of the Silver Lake State Bank by the use of a dangerous weapon, in violation of Section 2113(d), Title 18, United States Code of Laws."

Rule 7(c) of the Federal Rules of Criminal Procedure provides:

"*Nature and Contents*. The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the attorney for the government. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

 It is clear to this court that the defendant was aware of the charges against him at all material times and was not therefore prejudiced in his defense of the case by the failure to include the allegation of federally insured funds.[1] It is equally clear that the only

1. The defendant and his counsel were personally present at the preliminary hearing before the United States Commissioner on December 1, 1967. The following appears from the transcript of that preliminary hearing at pages 3–5:

"THE COMMISSIONER: Will you, Mr. Gimbel, if you will, just read the complaint into the record there.

"MR. GIMBEL: Yes. The defendant, Charles Layton Cox, is charged with the following offense, that on or about November 17th, 1967, at Kenosha County, in the Eastern District of Wisconsin, the said defendant, Charles Layton Cox, did by intimidation take from L. Erik Hansen money in the sum of $13,770.78, which was in the care, custody, control, management and possession of the Silver Lake State Bank; *the deposits of which were insured by the Federal Deposit Insurance Corporation;* in violation of Section 2113–A, Title 18, United States Code of Laws.

"The complaint indicates as a basis for its issuance that it was based on information received by the complainant through the offices of the Federal Bureau of Investigation from L. Erik Hansen, Vice-President and cashier of the Silver Lake State Bank that said bank, *whose deposits are insured by the Federal Deposit Insurance Corporation,* was robbed at gunpoint on November 17th, 1967, of $13,770.78.

"Deputy Sheriff Gerald Van Patten of the Kenosha County Sheriff's office identified a photograph of Charles Layton Cox as being identical to an individual who fled from an automobile in which the proceeds of the bank robbery at Silver Lake State Bank were found. Said

issue before the court now is whether the indictment as returned by the grand jury charged a federal offense. If no federal offense was charged because one of the elements of a crime was omitted, this court would have been given no jurisdiction over the case. Collins v. Markley, 346 F.2d 230 (7th Cir. 1946), cert. denied 382 U.S. 946, 86 S.Ct. 408, 15 L.Ed.2d 355; Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). An indictment which fails to allege an essential element of the offense is fatal and cannot be cured by an allegation that the acts charged were done "in violation of" the statute. United States v. Guterma, 189 F.Supp. 265 (S.D.N.Y.1960).

The rule referred to in the case of Hewitt v. United States, 110 F.2d 1 (8th Cir. 1940), is in the opinion of this court dispositive of this case.[2] The Eighth Circuit Court of Appeals in the *Hewitt* case said at page 5:

"That the bank was insured by the Federal Deposit Insurance Corporation was, of course, an essential element of the offenses sought to be charged. The complete omission of

any allegation which might reasonably be construed to mean that the bank was so insured would be fatal under the rule announced by this Court in Shaw v. United States, 292 F. 339. * * *"

It is clear from a reading of the indictment that absolutely no factual federal connection was alleged. Compare United States v. Harper, 241 F.2d 103 (7th Cir. 1957), and the cases collected at Annot. 59 A.L.R.2d 946.

This court takes judicial notice that not all banks are insured by a federal agency. On April 18, 1968, there were 392 banks in the United States that were not insured by the Federal Deposit Insurance Corporation. This fact makes it even clearer that bank robbery indictments must allege the necessary federal connection.

For the foregoing reasons,

It is ordered that defendant's motion in arrest of judgment must be and the same hereby is granted.

It is further ordered that the defective indictment in this case must be and it hereby is dismissed.

---

identification was made by Van Patten to a special agent of the Milwaukee office of the Federal Bureau of Investigation. Charles Layton Cox's presence in the vicinity of where the automobile used to leave the robbery was abandoned at or about the time of abandonment of said automobile was established by an officer of the Kenosha County Sheriff's Department and was revealed to the Milwaukee office of the F.B.I.

"The United States expects to produce evidence at this hearing from Special Agent Jack D. Wood, who will relate the results of his interviews of various employees of the Silver Lake Bank in Kenosha County concerning the incident of the robbery which took place there on November 17th, 1967.

"The United States will also produce testimony from Gerald Van Patten, Deputy Sheriff, Kenosha County Sheriff's office, concerning his *identification* of the people who he saw in an automobile in which certain monies identified as bank loot was subsequently found.

"The United States will also produce testimony from Special Agent of

the F.B.I., George Vopal, concerning his role in the execution of a search warrant at the residence of Charles Layton Cox, and his findings of certain clothing at that residence, which was similar to clothing described by individuals at the Silver Lake Bank." (Emphasis added.)

At the arraignment and plea before the court on February 2, 1968, the following was said (Tr. pp. 2–3):

"COURT: Charles Layton Cox, have you received a copy of this indictment?

"DEFENDANT: Yes, I have, Your Honor.

"COURT: Have you had the opportunity of going over it with your lawyer?

"DEFENDANT: Yes, I have.

"COURT: Do you understand it?

"DEFENDANT: Yes, I do."

2. In answer to a letter sent by this court to the attorneys in this case in which the court invited comment on the *Hewitt* case, the United States announced by letter that it was withdrawing its opposition to the defendant's motion in arrest of judgment.