**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Andrew Jack LEE, Defendant-Appellant.**

**No. 26630**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1970.

Joseph M. Matranga, Mobile, Ala., for defendant-appellant.

Charles S. White-Spunner, Jr., U. S. Atty., Don Conway, Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

This is an appeal [1] by the defendant below, Andrew Jack Lee, from a conviction by jury verdict in the Southern District of Alabama under an eleven-count indictment charging violations of Title 18, United States Code, Section

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

1010, which provides in essence that whoever for the purposes of obtaining any loan from any bank with the intent that such loan shall be offered to or accepted by the Federal Housing Administration (hereafter, the FHA) for insurance, makes, passes, orders or publishes any statement, knowing the same to be false, or forges any instrument, paper or document, or passes as true any instrument knowing it to have been altered or forged, shall be guilty of a felony.[2] We affirm.

Lee was engaged in house construction business, operating under the name of Queensberry Construction Company, at Jackson, Alabama. It appears from the record that Lee applied for and executed loan applications with the American National Bank and Trust Company on FHA forms in the name of persons other than himself and stating that the proceeds of the loans would be used for certain home improvements, when in fact Lee knew that the proceeds were either not going to be used for home improvements or not for the home improvements specified in the application. It further appears from the record that in most of the applications made by Lee the signatures of the homeowner-applicant had been forged, but that the forgery had been perpetrated by someone other than Lee. The proceeds of these loans, in large part, were received by Lee as payment of debts owed him by persons for whom he had constructed houses.

■ Appellant Lee first contends that the evidence was not sufficient to support a finding by the jury that he intended that loan applications would be submitted to the FHA for insurance. In a case of this nature, the question is not whether the loan was in fact offered to and accepted by the FHA, but whether at the time the defendant passed, uttered, or published the false statement, he did so with the intent that it be offered to and accepted by the FHA. Brilliant v. United States, 8 Cir., 1962, 297 F.2d 385, 389. An FHA credit application, as was used here, prominently states on its face that it is submitted to obtain credit under Title I of the National Housing Act and contains a warning that the making of a false statement or misrepresentation constitutes a federal crime. Where such an FHA form is used the jury may infer the existence of an intent that the loans should be sought from the Federal Housing Administration. Ross v. United States, 6 Cir., 1950, 180 F.2d 160, 164–165. Thus, the fact that the loan applications were made on FHA forms provided sufficient evidence to support the jury's finding as to Lee's intent.

■ Lee next contends that the defense counsel was erroneously restricted from going into whether the bank intended to treat the loans as made on the personal credit of Lee or to submit them to the FHA. However, as pointed out above, the ultimate question of fact presented by this case was whether Lee submitted the loan applications to the bank with the intent that they be processed as FHA loans, not whether the

2. 18 U.S.C. § 1010. Whoever, for the purpose of obtaining any loan or advance of credit from any person, partnership, association, or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Federal Housing Administraton [amended 1967 to read "Department of Housing and Urban Development", Pub.L. 90–19, § 24(c), 81 Stat. 28] for insurance, or for the purpose of obtaining any extension or renewal of any loan, advance of credit, or mortgage insured by such Administration [Department], or the acceptance, release, or substitution of any security on such a loan, advance of credit, or for the purpose of influencing in any way the action of such Administration [Department], makes, passes, utters, or publishes any statement, knowing the same to be false, or alters, forges, or counterfeits any instrument, paper, or document, or utters, forges, or counterfeits any instrument, paper, or document, or utters, publishes, or passes as true any instrument, paper or document, knowing it to have been altered, forged, or counterfeited, or willfully overvalues any security, asset, or income, shall be fined not more than $5,000 or imprisoned not more than two years, or both.

bank in fact submitted the applications to the FHA or ever intended to do so. Brilliant v. United States, supra. What the bank intended to do with the loan applications is immaterial and the District Court was correct in preventing defense counsel from bringing this up in his closing argument.

 Count VI of the indictment alleges that the application for a home improvement loan for one Albert B. Counselman at Leroy, Alabama, contained a false statement concerning how the proceeds of the loan were to be applied and that the signatures of Counselman and his wife were forged. The testimony of Counselman and his wife was that they signed the application, authorized the loan and received the proceeds. The appellant contends that this variance between the Government's proof and the allegations of the indictment constitute a failure of proof, even though the loan application did contain the alleged misrepresentations as to the use of the money. This contention is without merit. Where a statute specifies several alternative ways in which an offense can be committed, the indictment may allege the several ways in the conjunctive, and a conviction thereon will stand if proof of one or more of the means of commission is sufficient to support a jury verdict. Fields v. United States, 5 Cir., 1969, 408 F.2d 885, 887.

In his oral charge to the jury, the District Judge stated:

> You have the evidence that the forms used were clearly F.H.A. forms —had F.H.A. on them, *and you had a builder who apparently was familiar with F.H.A. forms.* (Emphasis added.)

The appellant contends that the italicized portion of this sentence constituted error in that the evidence did not support the conclusion that he was familiar with FHA forms and because it would have the effect of prejudicing the jury against him. A judge in a federal criminal trial has the right to comment on the evidence to insure that the facts are accurately brought out, but he is also under a strict duty to direct the jury clearly that they are the sole judges of fact and are not bound by the judge's comments. Moody v. United States, 5 Cir., 1967, 377 F.2d 175, 178–179. There is no question that the District Judge met his "strict duty" and instructed the jury that they were the sole judges of the facts and not bound by his comments. Furthermore, the italicized portion of the sentence objected to here is supported by Lee's own testimony that he submitted the loan applications on FHA forms, which reasonably leads to the inference that he was familiar with FHA forms, at least, to the extent of recognizing and using them.

The judgment of conviction is affirmed.

Affirmed.