**UNITED STATES of America**

v.

**Fred Lee JONES, Defendant.**

**Crim. No. 69–27.**

United States District Court,
W. D. Pennsylvania.

June 21, 1971.

Fred Lee Jones, pro se.

## MEMORANDUM AND ORDER

MARSH, Chief Judge.

Fred Lee Jones, movant, was indicted on two counts of bank robbery in violation of 18 U.S.C. § 2113(a), (d) and was found guilty by a jury along with two co-defendants on May 6, 1969. After commitment for study, 18 U.S.C. § 4208(c), final sentence was imposed on October 30, 1969, committing the defendant to imprisonment for 15 years, to be eligible for parole within the discretion of the Parole Board. No appeal was taken from the conviction and sentence.

The defendant has filed a "Motion to Dismiss the Indictment" under which he was convicted "on the ground that it fails to contain any allegation that the money which was taken in the alleged robbery was insured by the Federal Deposit Insurance Corporation, which allegation is an essential element of the offense." The motion will be denied.

Such allegation is not necessary. The first count of the indictment charged the defendant with taking from certain bank employees a sum of money, "belonging to and in the care, custody, control, management and possession of the Pittsburgh National Bank, Greentree Branch, Greentree, Pennsylvania, a na-

*tional* bank; in violation of 18 U.S.C., Section 2113(a)."[1] (Emphasis supplied.) Section 2113(a) of Title 18 U.S.C. pertains to the robbery of "any bank" and makes it a crime against the United States. Subsection (f) of § 2113 defines "bank" to mean: "any bank, * * * organized or operating under the laws of the United States". Thus, in a case involving a *national* bank, organized and operating under the laws of the United States, its federal connection and its national character are established. It was not necessary, therefore, to allege in this indictment that the funds were insured by the Federal Deposit Insurance Corporation.[2]

The defendant's motion for bail pending review will also be denied.

An appropriate order will be entered.

---

1. At trial it was stipulated that the Greentree Branch of the Pittsburgh National Bank was a national bank which was organized and operated and chartered under the laws of the United States.

2. See: King v. United States, 426 F.2d 278 (9th Cir. 1970),; Schoepflin v. Unit-

ed States, 391 F.2d 390, 396, note 5 (9th Cir. 1968); United States v. Wright, 365 F.2d 135 (7th Cir. 1966); United States v. Harper, 241 F.2d 103 (7th Cir. 1957). Cf. United States v. Cox, 285 F.Supp. 367 (E.D.Wis.1968).