**UNITED STATES of America,
Appellee,**

v.

**Robert A. BARBATO, Defendant,
Appellant.**

**No. 72-1261.**

United States Court of Appeals,
First Circuit.

Heard Nov. 6, 1972.

Decided Jan. 11, 1973.

Louis V. Jackvony, Jr., Providence, R. I., for appellant.

Richard A. Levie, Atty., Dept. of Justice, with whom Lincoln C. Almond, U. S. Atty., Roger A. Pauley, Atty., Dept. of Justice, and S. Michael Levin, Sp. Atty., Washington, D. C., were on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

After trial by a jury appellant Robert A. Barbato was found guilty on nine counts of a twelve count indictment charging him with violations of 18 U.S. C. § 1010 (1970). The gravamen of the indictment was that Barbato had made false representations and had overvalued assets in personal financial and credit statements filed with the Department of Housing and Urban Development (HUD) in connection with an F.H.A. application for project mortgage insurance. He appeals from these convictions and, for the reasons set forth below, we affirm.

On August 19, 1970, appellant, through a corporation, RAB Realty, Inc., submitted an application to HUD for project mortgage insurance for a proposed real estate development called Lakewood Apartments. Accompanying this application was a Personal Financial and Credit Statement which purported to set forth Barbato's financial condition as of June 15, 1970. Updated financial statements were filed with the Department on June 14 and on July 28, 1971. As the evidence demonstrated, a number of the representations contained in these statements were clearly incorrect.[1] These misrepresentations resulted in part from the careless and unprofessional manner in which appellant's accountant prepared the statements in question and also from appellant's failure to disclose all of the details of his financial situation to the accountant.

On appeal Barbato first attacks the sufficiency of the indictment. Specifically, he contends that because the counts in the indictment fail to allege that the financial statements in question were filed with either a *federal* agency or an agency of the *United States* that an essential element of a § 1010 violation, the requisite federal nexus, has not been charged.[2] Relying on United

---

1. The statement filed on August 19, 1970, contained the following valuations: life insurance—cash value—$8,800.00, real estate—assessed value—$65,000.00, and real estate—original cost minus depreciation—$53,500.00. As the government's evidence demonstrated, the actual value of these assets was as follows: life insurance—cash value—$1,557.99, real estate—assessed value—$22,640.00, and real estate—original cost—$19,900.00. This statement also set Barbato's total liabilities at $15,500.00 and specified that no unsatisfied legal judgments were outstanding against him. In fact, as the government proved, appellant owed various banks and finance agencies $16,767.92 at the time in question and a judgment in the amount of $21,269.41 was outstanding against him.

The financial statement filed on June 14, 1971, contained similar misrepresentations with regard to the value of insurance policies and real estate. It also incorrectly stated that appellant owned unlisted securities valued at $10,000 in RAB Realty, Inc. Evidence was introduced to the effect that while Barbato had subscribed to purchase these shares, he had never in fact paid the corporation for them. Finally, the statement submitted on July 28, 1971, failed to disclose at least one outstanding liability.

2. For example, Count II of the indictment provides as follows:
"The Grand Jury further charges:
That on or about the 19th day of August, 1970, in the District of Rhode Island, ROBERT A. BARBATO, for the purpose of influencing the actions of the Department of Housing and Urban Development, did wilfully and knowingly make, utter and publish, and caused to be made, uttered and published, to the said Department, a certain false statement in a document, to wit, a Personal Financial and Credit Statement, and did wilfully overvalue an asset, wherein the said ROBERT A. BARBATO did certify that as of the 15th day of June, 1970, he owned life insurance with a cash value

States v. Cox, 285 F.Supp. 367 (E.D. Wis.1968), where a bank robbery indictment which failed to set forth that the bank in question was federally chartered or insured was held to be deficient, appellant urges that the indictment in the instant case similarly fails to charge an offense over which the federal courts have jurisdiction.

As a general rule an indictment must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c). In addition, it must charge all of the essential elements of the crime in question. *See, e. g.*, Salinas v. United States, 277 F.2d 914, 916 (9th Cir. 1960); United States v. Tornabene, 222 F.2d 875, 878 (3rd Cir. 1955). Although it is generally the better practice, these elements need not always be set forth *in haec verba*. Indictments "must be read to include facts which are necessarily implied by the specific allegations made." United States v. Silverman, 430 F.2d 106, 111–112 (2d Cir. 1970), cert. denied, 402 U.S. 953, 91 S.Ct. 1619, 29 L.Ed.2d 123 (1971). *See* United States v. Martell, 335 F.2d 764, 765–766 (4th Cir. 1964); Gonzales v. United States, 286 F.2d 118, 120–122 (10th Cir. 1960), cert. denied, 365 U.S. 878, 81 S.Ct. 1028, 6 L.Ed.2d 190 (1961); Finn v. United States, 256 F.2d 304, 306–307 (4th Cir. 1958); Griffith v. United States, 230 F.2d 607 (6th Cir. 1956); Rumely v. United States, 293 F. 532, 547–548 (2d Cir.), cert. denied, 263 U.S. 713, 44 S.Ct. 38, 68 L.Ed. 520 (1923). *But see* Walker v. United States, 342 F.2d 22, 26–27 (5th Cir.), cert. denied, 382 U.S. 859, 86 S.Ct. 117, 15 L.Ed.2d 97 (1965).

The indictment in the instant case charges that the financial statements in question were filed with the "Department of Housing and Urban De-velopment." In so characterizing the Department, use is made of the official title of this federal agency. 42 U.S.C. § 3532(a) (1970). In addition, the financial statements are identified in eight counts of the indictment as "Personal Financial and Credit Statement(s)." This designation refers specifically to .Federal Housing Authority Form 2417, which appellant used in filing the first and third financial reports. Given these facts, we find that a federal connection sufficient to confer federal jurisdiction over the violations alleged may be implied. The indictment in this case is not like the charge in United States v. Cox, *supra,* where no allegations or facts were set forth from which the requisite federal nexus could be found. United States v. Silverman, 430 F.2d *supra* at 111, n. 3. While a more appropriately drawn indictment would have spelled out the fact that these statements were filed with a federal agency, we cannot say that the indictment here is fatally defective.

Appellant's next contention, namely that the counts in the indictment are prejudicially duplicitous, multiplicitous, and vague, requires little comment since these issues were not raised in the trial court. Rule 12(b)(2) of the Federal Rules of Criminal Procedure specifically provides that "(d)efenses and objections based on defects . . . in the indictment . . . other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial." If appellant found himself uncertain as to the nature of the charges against him, his remedy was to file a motion for a bill of particulars in the court below. Not having availed himself of this remedy, and having made no motion to quash the indictment on these grounds, he may not raise these questions on appeal. *See, e. g.*, Mitchell v. United States, 434 F.2d

---

less loans of $8,800.00, well knowing that said insurance had a cash value of $1,557.99;

In violation of Title 18, United States Code, Section 1010." With the excep-tion of certain dates and the particular violations charged, the language of all of the other counts tracks that of Count II.

230, 231 (9th Cir. 1970), cert. denied, 402 U.S. 946, 91 S.Ct. 1636, 29 L.Ed.2d 115 (1971); United States v. Kelley, 395 F.2d 727, 729–730 (2d Cir.), cert. denied, 393 U.S. 963, 89 S.Ct. 391, 21 L. Ed.2d 376 (1968).

■■ Barbato next contends that a fatal variance exists beween the offenses charged and the evidence adduced at trial. His argument is that the indictment charged overvaluation of assets while the government's proof established primarily non-disclosure of liabilities. The frivolity of this contention is obvious since every count of the indictment also charged appellant with filing false statements.[3] It is settled that the failure to disclose an outstanding debt on an F.H.A. application is sufficient to support a conviction for filing false statements under § 1010. *See* Parker v. United States, 378 F.2d 641, 643–645 (1st Cir.), cert. denied, Perma-Home Corp. v. U. S., 389 U.S. 842, 88 S.Ct. 81, 19 L.Ed.2d 107 (1967).

■■ Appellant's further points may be dealt with summarily. His argument, in challenging the sufficiency of the evidence, that he innocently relied upon the faulty work of his accountant is without merit since he signed and certified the first and third statements as correctly representing his financial condition. In addition, uncontradicted evidence in the record demonstrates that appellant personally failed to disclose all of his liabilities to his accountant. His second challenge to the sufficiency of the evidence, namely that the jury could not reasonably infer that the August 19, 1970, financial statement had any possibility of influencing the F.H.A. to grant the proposed application, is equally without merit. Where, as here, an insurance application and a financial statement are submitted on HUD–FHA forms and the applicant signs and certifies the correctness of the data presented therein, the jury may reasonably infer that these documents were filed with an intent to influence the Department. United States v. Lee, 422 F.2d 1049, 1051 (5th Cir. 1970).

■ Appellant's final contention is that the trial court committed prejudicial error in questioning the accountant and in commenting on his testimony. From our review of the record, we find that the court did not abuse its discretion in this regard. Even if the court's comments may be viewed as reflecting on the accountant's credibility, such comments, if properly limited, as they were here, are permissible. Quercia v. United States, 289 U.S. 466, 469, 53 S. Ct. 698, 77 L.Ed. 1321 (1933). In the instant case the court instructed the jury on three occasions that it was to be the sole judge of the credibility of the witnesses. The court's participation was not improper.

Affirmed.

---

3. Where a statute, like § 1010, sets forth several different means by which an offense may be committed, it is permissible for a count in an indictment to allege all or several of these means in the conjunctive. A conviction on such a count will stand if the evidence establishing one or more of the means of commission alleged is sufficient to support a jury verdict. United States v. Lee, 422 F.2d 1049, 1052 (5th Cir. 1970).