**UNITED STATES of America**

v.

**Rubin E. TINDALL, Jr. and Allen Moore.**

**No. EP–82–CR–66.**

United States District Court, W.D. Texas, El Paso Division.

July 1, 1982.

---

1. See *United States v. Martinez-Fuerte, supra* 428 U.S. at 553 n. 8, 96 S.Ct. at 3080 n. 8; 8 U.S.C. § 1357(a)(3); 8 C.F.R. 287.1.

2. Within the seven days the checkpoint operated, some 250 illegal aliens were apprehended by the officers manning it.

Michael S. McDonald, Asst. U.S. Atty., El Paso, Tex., for plaintiff.

Bruce Ponder, El Paso, Tex., for Rubin E. Tindall, Jr.

Richard P. Mesa, El Paso, Tex., for Allen Moore.

## ORDER DENYING MOTION TO DISMISS INDICTMENT

HUDSPETH, District Judge.

The Defendants are charged by indictment with transporting and moving and conspiring to transport and move illegal aliens within the United States. They move to dismiss the indictment, contending that it does not allege an essential element of the offense charged, to wit: that the transportation was in furtherance of a violation of the law.

The Ninth Circuit held in *United States v. Moreno,* 561 F.2d 1321 (9th Cir.1977), that transportation of an illegal alien, *in order to* violate 8 U.S.C. § 1324(a)(2), must be in furtherance of the transportee's violation of the law, i.e. his illegal presence within the United States. In *Moreno,* the transporting was done by a company foreman, moving reforestation workers from one worksite to another in performance of his own job duties. The Court held that such transportation was too incidental to the furtherance of any law violation by the aliens to come within the ambit of § 1324(a)(2).

There is little doubt that *Moreno* was correctly decided. However, it concerned the sufficiency of the evidence in that particular case, not the requirements of an indictment. In fact, no reported case has been found which discusses whether the indictment must specifically allege that the

transportation of the illegal alien was in furtherance of the alien's own violation of the immigration laws.

An indictment is a plain, concise, and definite written statement of the essential facts constituting the offense. Rule 7(c), F.R.Crim.P. It must charge all essential elements of the crime in question, but these elements need not always be set out *in haec verba*. *United States v. Ylda,* 643 F.2d 348, 351–2 (5th Cir.1981); *United States v. Barbato,* 471 F.2d 918, 921 (1st Cir.1973). Indictments must be read to include facts which are necessarily implied by the specific allegations made. *United States v. Barbato, supra; United States v. Silverman,* 430 F.2d 106, 111–112 (2d Cir. 1970), *cert. denied,* 402 U.S. 953, 91 S.Ct. 1619, 29 L.Ed.2d 123 (1971). In the instant case, each substantive count of the indictment charges that the Defendant "unlawfully transported and moved, and attempted to transport and move, a certain alien . . ." (emphasis added). The word "unlawfully," coupled with the indictment's reference to § 1324(a)(2), is sufficient to charge that the Defendant is accused of transporting the alien in furtherance of a violation of law, rather than in some innocent manner not proscribed by the statute.

The conspiracy count does not specifically allege the "unlawful" transportation of the illegal aliens, as do the substantive counts. However, it is not necessary in a conspiracy indictment to allege with technical precision all the elements of the substantive offense which is the object of the conspiracy. *Wong Tai v. United States,* 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *Brown v. United States,* 403 F.2d 489 (5th Cir.1968), *cert. denied* 397 U.S. 927, 90 S.Ct. 932, 25 L.Ed.2d 106. The conspiracy count is sufficient to charge the offense.

It is therefore ORDERED that Defendants' motion to dismiss the indictment be, and it is hereby, DENIED.