USA v. Heino                          CR-92-68-B      02/23/93
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

        v.                            Criminal Nos. 92-68-06-B
                                                    92-68-13-B
Jeffrey Heino, T.J. French                           92-68-14-B
and Robert Hahn


                            O R D E R


        A number of motions are currently pending before the court

in this criminal case.  The court held a hearing on February 10,

1993, and now makes the following rulings:


I.  Discovery Motions

        The defendants agreed at the hearing that with the exception

of Requests 12-13 of Document no. 420, which the court denied, it

was unnecessary for the court to rule on the remaining motions.

Accordingly, these motions (document nos. 420 (except for

Requests 12-13), 428, 429, and 460) will be marked as moot.


II.  Motions for Severance

        Defendants Jeffrey Heino (document nos. 289 and 382) and

Timothy French (document no. 426) have moved separately for an

Order severing their cases from the other co-defendants.  For the

reasons stated below, their motions are denied.

The decision to grant or deny a motion for severance is a matter committed to the sound discretion of the trial court. United States v. Martinez, 922 F.2d 914, 922 (1st Cir. 1991). Defendants seeking severance maintain the burden of showing that a "substantial prejudice, amounting to a miscarriage of justice, would result from a joint trial." United States v. Sabatino, 943 F.2d 94, 96 (1st Cir. 1991) (citing United States v. Perkins, 926 F.2d 1271, 1280 (1st Cir. 1991)). The term "prejudice means more than just a better chance of acquittal at a separate trial," United States v. Martinez, 479 F.2d 824, 828 (1st Cir. 1973), and "[i]ncidental prejudice," such as that which necessarily inheres whenever multiple defendants are tried together, "will not suffice." Martinez, 922 F.2d at 922.

In the instant case, the court finds that defendants have failed to meet this exacting burden. Although the Superseding Indictment named eleven defendants and contained thirty-four counts, eight defendants have subsequently pled and the number of counts now pending have been reduced. Any possible prejudicial "spillover" caused by the joinder of offenses and defendants may be minimized by appropriate limiting instructions. Cf. United States v. Natanel, 938 F.2d 302, 308 (1st Cir. 1991); United States v. Mazza, 792 F.2d 1210, 1224 (1st Cir. 1986), cert. denied, 479 U.S. 1086 (1987). Accordingly, their motions for severance (document nos. 289, 382 and 426) are denied. The court notes that during the hearing, defendant Robert Hahn withdrew his motion (document no. 419) for severance.

2

III.  Motions for Bill of Particulars

Defendants Hahn (document no. 418) and French (document no. 427) have also filed separate motions for bills of particulars. The court denies their motions.

The decision to grant or deny a motion for a bill of particulars is left to the sound discretion of the trial court, United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir.), cert. denied, 112 S. Ct. 1695 (1992), and "nothing more is required of an indictment than that it contain a 'plain, concise and definite written statement of the essential facts constituting the offense charged.'"  United States v. Rich, Criminal No. 91-22-03-D (June 27, 1991) (Devine, J.) (quoting United States v. Barbato, 471 F.2d 918, 921 (1st Cir. 1973)).  To prove abuse of that "discretion, 'a defendant must demonstrate actual surprise at trial or actual prejudice to his substantial rights.'"  United States v. Hallock, 941 F.2d 36, 40 (1st Cir. 1991) (quoting United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989)). Moreover, in cases where defendants are charged with a conspiracy under Title 21 U.S.C. § 846, the government is not required to plead or prove any overt acts in furtherance of the conspiracy. Id.; Paiva, 892 F.2d at 155.

In the instant case, the court finds the Superseding Indictment to be sufficiently detailed to withstand the motions for bill of particulars.  In addition to the information contained in the Superseding Indictment, the government has

3

agreed to identify for defendants the approximate month and year when each defendant is alleged to have joined the conspiracy. These statements, coupled with the information produced by the government during discovery, <u>see</u> <u>generally</u> document nos. 457 and 462, will neither cause defendants to be surprised at trial nor prevent them from developing any alibi defenses. <u>Cf.</u> <u>United States v. Colson</u>, 662 F.2d 1389, 1391 (11th Cir. 1981); <u>United States v. Long</u>, 449 F.2d 288, 293-94 (8th Cir. 1971), <u>cert. denied</u>, 405 U.S. 974 (1972). Accordingly, defendants' motions for bills of particulars (document nos. 418 and 427) are denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

February 23, 1993

cc:  United States Attorney
     United States Marshal
     United States Probation
     Michael LoPresti, Esq.
     Robert J. Wheeler, Jr., Esq.
     Paul Haley, Esq.

4