

Danny Cupti, Dixon L. Pyles, Pyles & Tucker, Jackson, Miss., for defendant-appellant.

L. N. D. Wells, Jr., Dallas, Tex., Fountain D. Dawson, Mullinax, Wells, Mauzy & Baab, Inc., by Beverly N. Ballantine, Greenville, Miss., Thomas F. Phalen, Jr., W. C. Smith, Jr., Jackson, Miss., for Teamsters Local Union No. 891.

Lawrence J. Frank, Jackson, Miss., R. Ian Hunter, Detroit, Mich., Sorrell Logothetis, Jackson, Miss., Knee, Snyder & Parks, Dayton, Ohio, for Teamsters Local Union No. 654.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

■ The entry of judgment in the within matter adjudicated fewer than all of the claims, and the liabilities of fewer than all of the parties in and to the litigation. There has been no entry of final judgment by the district court upon an express determination that there is no just reason for delay as is required by Rule 54(b), F.R.Civ.Procedure. Hence, the judgment lacks the requisite finality to be appealable within the meaning of 28 U.S.C.A. § 1291. Bailey v. Rowan Drilling Company, 5 Cir., 1971, 441 F.2d 57; Cook v. Eizenman, 5 Cir., 1963, 312 F.2d 134.

Dismissed.

George Tamblyn, of Tamblyn, Bouneff, McLennan, Muller, Marshall & Hawkes, Portland, Or., for defendant-appellant.

Sidney I. Lezak, U. S. Atty., Jack C. Wong, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before ELY, KILKENNY and CHOY, Circuit Judges.

PER CURIAM:

Quigley was charged with and convicted of passing and selling counterfeit currency in violation of 18 U.S.C. § 472.

His attack upon the sufficiency of the evidence to sustain the charge of "selling" is without merit. The government was not required to prove both passing

*and selling,* even though the indictment so charged. *Cf.* Arellanes v. United States, 302 F.2d 603, 609 (CA9 1962), cert. denied 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962); United States v. Carter, 454 F.2d 525 (CA9 1972); McGriff v. United States, 408 F.2d 333, 334 (CA9 1969).

The judgment of conviction is affirmed.

**Edward Lee MICHAEL, Jr., Appellant,**

v.

**Frank A. EYMAN, Warden, Arizona State Prison, Appellee.**

**No. 71–2774.**

United States Court of Appeals, Ninth Circuit.

June 16, 1972.

As Amended on Denial of Rehearing July 7, 1972.

Edward Lee Michael, Jr., in pro. per.

Gary K. Nelson, Atty. Gen., Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, Ariz., for appellee.

Before MERRILL, TRASK and GOODWIN, Circuit Judges.

PER CURIAM:

An Arizona prisoner serving a sentence for second-degree murder appeals a denial of habeas-corpus relief, urging that his state conviction was tainted by "poisoned-tree" evidence and a bad instruction. We affirm.

The instruction, even if it was error under state law, a point which we need not decide, presents no federal constitutional question.

The evidentiary question affords no basis for habeas-corpus relief. The state introduced in evidence two pistols found in a drawer in the prisoner's room at the time of his arrest. The pistols were pointed out in answer to a question by a police officer who had arrived at the scene of the shooting while the prisoner was still somewhat shaken by recent events. He said, "I shot my wife," and, with reference to the fatal weapon, said, "It's over there."

Both statements were made without the benefit of pre-interrogation warnings. While the state court excluded both incriminating statements, it did not deem the physical exhibits fatally tainted by the lack of warnings. *See* State v. Michael, 103 Ariz. 46, 436 P.2d 595 (1968).

We express no opinion on whether a police officer must give pre-interrogation warnings prior to asking the location of a lethal weapon in the circumstances of this case. It is sufficient to note that the questioning occurred before Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was decided, and that *Miranda* is not, for federal habeas-corpus purposes, retroactive. Jacobson v. People of California, 431 F.2d 1017 (9th Cir. 1970). *See* Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

Affirmed.