**Gordon Lyle HEAD, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 507–73C2.**

United States District Court,
W. D. Washington,
at Seattle.

Sept. 18, 1973.

Gordon Lyle Head, in pro. per.

No appearance for respondent.

### OPINION

BEEKS, Senior District Judge.

Petitioner has filed with the Clerk of this Court a Motion to Vacate, Set Aside or Correct Sentence, pursuant to Title 28 U.S.C. § 2255.

Petitioner attacks the validity of the conviction on the grounds of two alleged flaws in the indictment.[1] The first contention is that the failure to state that the deposits of the bank were insured by the Federal Deposit Insurance Corporation ("F.D.I.C."), meant that the court lacked jurisdiction, and defendant was not adequately informed of the charges against him.

In order to vest jurisdiction in the Federal District Court, in a prosecution under Title 18 U.S.C. § 2113(a), it is not required that the indictment allege that the bank's deposits were insured by the F.D.I.C. It has been held that an allegation that the bank was a member of the F.D.I.C. is sufficient. Pulliam v. United States, 178 F.2d 777

---

1. COUNT IV: That on or about February 26, 1969, at Granite Falls, within the Western District of Washington, GORDON LYLE HEAD and others, by force, violence and intimidation, did take from the person and presence of Gertrude Bryan, teller, approximately Two Thousand One Hundred Fifty-eight Dollars and Ninety-Five Cents ($2,158.-95) in money, belonging to and in the care, custody, control, management and possession of the Granite Falls State Bank, which was then a bank within the meaning of Title 18 U.S.C. § 2113(f).

All in violation of Title 18, United States Code, Section 2113(a) and Section 2.

(10th Cir., 1949). Other courts have held sufficient an allegation that the bank in question was a "National" bank. Byers v. United States, 175 F.2d 654 (10th Cir., 1949), cert. denied 340 U.S. 949, 71 S.Ct. 528, 95 L.Ed. 684 (1950); United States v. Jones, 327 F.Supp. 1208 (W.D.Pa., 1971). The statement that the bank was organized under the laws of the United States has similarly been adequate. Cossack v. Swope, 114 F.2d 998 (9th Cir., 1940).

■ Title 18 U.S.C. § 2113(f) defines "bank", as required in Title 18 U.S.C. § 2113(a) to include banks under the Federal Reserve System, those operating or organized under the laws of the United States, and those banks insured by the F.D.I.C. It is only necessary that one of the three alternatives be proven. See Schoepflin v. United States, 391 F.2d 390 (9th Cir., 1968) cert. denied 393 U. S. 865, 89 S.Ct. 146, 21 L.Ed.2d 133 (1968); King v. United States, 426 F.2d 278 (9th Cir., 1970). Defining the Granite Falls State Bank in terms of the statute was sufficient to allege an offense over which this court had jurisdiction.

■ The complaint that the indictment did not adequately inform defendant of the charges against him, because of the failure to expressly plead that the bank's deposits were insured by the F. D.I.C., is rejected. As required by Fed. R.Crim.P. 11, defendant was apprised of this essential element of the offense, and was not prejudiced by the wording of the indictment. As indicated, the definition of "bank" by reference to the statute was sufficient. Further, the pertinent portion in the transcript of the proceedings on August 18, 1972, at which defendant pleaded guilty, conclusively shows that defendant was fully apprised of the nature of the charge, the court specifically pointing out that the omission of which defendant complains was a requirement for conviction under 18 U.S.C. § 2113(a).[2] Also, defendant's

---

2. Pages 3–4, Document # 7, Clerk's file, above captioned case.

   \*     \*     \*     \*     \*

"THE COURT: All right. Now, do you fully understand the particular acts that are charged against you in this Count IV of the Indictment?

"THE DEFENDANT: Yes, sir, I do.

"THE COURT: Do you understand what offense, that is what crime, those acts constitute under the laws of the United States?

"THE DEFENDANT: Yes, sir, I do.

"THE COURT: I want to be sure. In Count IV the grand jury has charged that on or about February 26, 1969 at Granite Falls you and others by force, violence and intimidation did take from the person and presence of Gertrude Bryan, a teller, approximately $2,158.95 in money belonging to and in the care, custody, control, management and possession of the Granite Falls State Bank, which was then a bank within the meaning of Title 18 U.S.C., 2113(f). Are these allegations true?

"THE DEFENDANT: Yes, sir, your Honor.

"THE COURT: 18 United States Code 2113(f) is the requirement of the deposits being insured with the Federal Deposit Insurance Corporation, is it?

"MR. CARTER [Assistant U.S. Attorney]: Yes, your Honor.

"THE COURT: Are you satisfied, Mr. Gibson, that the Granite Falls State Bank was such a bank?

"MR. GIBSON [Defendant's Attorney]: I am, your Honor.

"THE COURT: All right. Now very briefly, please, Mr. Carter, state what the government's evidence would show that would be within this defendant's knowledge. And you pay close attention to this, Mr. Head, because I will ask you a question or two about it.

"MR. CARTER: The government's evidence would show that on February 26, 1969 Gordon Lyle Head and his brother Rollo went to Granite Falls and robbed the Granite Falls State Bank of this $2,158.95, and Mr. Head had with him a pistol which he displayed.

"THE COURT: You mentioned two Mr. Heads. Do you mean the defendant?

"MR. CARTER: Yes, Gordon Lyle Head had a pistol which he displayed to the teller, Gertrude Bryan, when he demanded this money from her.

"THE COURT: Is that true, Mr. Head?

"THE DEFENDANT: Yes, sir, it was.

"THE COURT: Anything else?

"MR. CARTER: Well, just that the bank was federally insured."

   \*     \*     \*     \*     \*

able counsel expressly stated he was satisfied the deposits in question were insured by the Federal Deposit Insurance Corporation.

■ Defendant's second contention attacks the indictment's use of the conjunctive,[3] rather than the disjunctive as used in the statute, and claims that the indictment thus failed to plead the essential facts constituting the offense charged. The contention is without merit. Arellanes v. United States, 302 F.2d 603 (9th Cir., 1962), cert. denied 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962); United States v. Quigley, 462 F.2d 625 (9th Cir., 1972); McGriff v. United States, 408 F.2d 333 (9th Cir., 1969).

Accordingly, petitioner's motions are denied.

3. ". . . by force, violence *and* intimidation, did take from the person *and* presence of . . ." (defendant's emphasis).