**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Kimberly Ann COLEMAN,**
**Defendant-Appellee.**

No. 80–1869.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 1981.

Decided Sept. 14, 1981.

Rehearing and Rehearing En Banc
Denied Nov. 19, 1981.

John C. Winkfield, Washington, D. C., for plaintiff-appellant.

Allan D. Sobel, Sobel & Coon, Portland, Or., for defendant-appellee.

Before SNEED and BOOCHEVER, Circuit Judges, and CRAIG,* District Judge.

BOOCHEVER, Circuit Judge:

The issue in this case is whether there is a fatal variance between the evidence introduced at trial and the charge contained in an indictment. We conclude that there is not and reverse the trial court's order granting a motion for judgment of acquittal, non obstante veredicto.

A jury found Kimberly Ann Coleman guilty of robbing the Pacific First Federal Savings and Loan Association (Pacific First), under an indictment charging her with robbery of "a savings and loan association; all in violation of Title 18, United States Code, Section 2113(a)."

18 U.S.C. § 2113(a) proscribes as a federal crime the robbery of a "savings and loan association" which is further defined in 18 U.S.C. § 2113(g) as including any "Federal savings and loan association" and any " 'insured institution' as defined in § 401 of the National Housing Act as amended." The National Housing Act definition encompasses institutions insured by the Federal Savings and Loan Insurance Corporation (FSLIC), which in this case insured the deposits of Pacific First. *See* 12 U.S.C. § 1724(b).

Because the institution as named in the indictment included the word "Federal,"

the trial court concluded that the indictment adequately alleged that it was "federally chartered." The court construed the indictment, however, as failing to charge robbery of an "insured institution." Other than the inference from the use of the term "Federal" in the institution's name, which was contained in documents introduced at trial, there was no evidence introduced that Pacific First was federally chartered. The government did introduce evidence, however, that Pacific First's deposits were insured by the FSLIC. There was thus adequate proof that it was an "insured institution" as defined in the National Housing Act, but no direct proof that it was federally chartered.

The jury was instructed that one element that the government was required to prove was that the association was a federally insured institution. No instruction was given requiring proof that the association was federally chartered.

After a verdict of guilty, Coleman moved for arrest of judgment and a judgment of acquittal. The court concluded that the evidence offered was insufficient to prove that the association was federally chartered, and that the indictment failed to charge that it was a federally insured institution. The motion for judgment of acquittal was granted on the basis that the government had failed to prove the crime charged.[1]

■ Initially, we believe the indictment must be liberally construed because Coleman failed to raise any objection to it until after trial. As we stated in *United States v. Pheaster*, 544 F.2d 353, 360–61 (9th Cir. 1976), *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977):

A challenge to the sufficiency of an indictment is not a game in which the lawyer with the sharpest eye or the cleverest argument can gain reversal for his client. " 'convictions are no longer reversed because of minor and technical

* The Honorable Walter Early Craig, Senior United States District Judge for the District of Arizona, sitting by designation.

1. *See United States v. Stewart Clinical Laboratory, Inc.*, 652 F.2d 804, 806–07 (9th Cir. 1981).

deficiencies which did not prejudice the accused.' " [citation omitted]

. . . . .

Consequently, although such defects are never waived, indictments which are tardily challenged are liberally construed in favor of validity. For example, this Court held that when an indictment is not challenged before the verdict, it is to be upheld on appeal if " 'the necessary facts appear in any form or by fair construction can be found within the terms of the indictment.' " *Kaneshiro v. United States*, 445 F.2d 1266, 1269 (9 Cir.), *cert. denied*, 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 543 (1971), *quoting Hagner v. United States*, 285 U.S. 427, 433, 52 S.Ct. 417, [420] 76 L.Ed. 861 (1932).

■ Coleman raises no contention that she received inadequate notice of the crime charged, nor does she contend that the institution was not insured under the FSLIC, one of the bases for federal jurisdiction. Her contention is that the indictment failed to charge her with robbing a federally insured institution. Because 18 U.S.C. § 2113 provides for federal jurisdiction if the institution is either federally chartered or federally insured, Coleman could have resolved any ambiguity prior to trial by filing an appropriate motion.

■ The only issue we are required to determine, therefore, is whether the indictment, by reference to 18 U.S.C. § 2113(a), charges that the association is federally insured. As we have explained, the statutory definition in 18 U.S.C. § 2113(g) of savings and loan associations includes institutions covered by FSLIC.

In a closely analogous case, *Head v. United States*, 364 F.Supp. 29, 31 (W.D.Wash. 1973), Judge Beeks stated with reference to a motion to vacate and set aside a sentence because an indictment to which the defendant had pled guilty failed to allege that the deposits of a bank[2] were insured by the FDIC:

Defining the Granite Falls State Bank in terms of the statute was sufficient to allege an offense over which this court had jurisdiction.

The complaint that the indictment did not adequately inform defendant of the charges against him, because of the failure to expressly plead that the bank's deposits were insured by the F.D.I.C. is rejected. As required by Fed.R.Crim.P. 11, defendant was apprised of this essential element of the offense, and was not prejudiced by the wording of the indictment. As indicated, the definition of "bank" by reference to the statute was sufficient.

The general principle is set forth in *Gearing v. United States*, 432 F.2d 1038, 1041 (5th Cir. 1970), *cert. denied*, 401 U.S. 980, 91 S.Ct. 1213, 28 L.Ed.2d 331 (1971), as follows:

While it is often true that the choice of language controls the validity of the indictment, Wright, 1 Federal Practice and Procedure, section 124 (1969), inclusion in it of the statutory citation provides a means by which a defendant can inform himself of the elements of the offense. *United States v. Roberts*, 296 F.2d 198 (4th Cir. 1961).

In *Roberts* an indictment charged mailing letters containing threats of personal harm in violation of 18 U.S.C. § 876. The indictment failed to allege a statutory requirement of knowledge of the contents of the letter. In considering an appeal from the denial of a motion under 28 U.S.C.A. § 2255 to set aside a sentence because of a deficiency in the indictment the court stated:

The primary offices of an indictment are to inform the defendant of the offense with which he is charged with sufficient clarity to enable him to prepare his own defense, and to permit him to plead a former conviction or acquittal in bar to a subsequent indictment for the same offense. An indictment which does not serve each of these offices is infected with such constitutional infirmity that it cannot survive collateral attack. Clearly,

---

2. The indictment alleged robbery of "the Granite Falls State Bank which was a bank within the meaning of Title 18 U.S.C. § 2113(f). All in violation of Title 18, United States Code, § 2113(a) and Section 2." 364 F.Supp. at 30 n. 1.

however, the indictment serves those offices and is not vulnerable to attack on that ground. It charges every element of the offense except the defendant's knowledge at the time of mailing. The citation of the applicable statute provided a means by which the defendant could inform himself of that element of the offense if there were any doubt on that score.

*United States v. Roberts*, 296 F.2d 198, 200 (4th Cir. 1961) (footnotes omitted).

Similarly, the indictment here was sufficiently clear to enable Coleman to prepare her defense and to permit her to plead a former conviction to a subsequent indictment for the same offense. Although it would have been preferable to have set forth the fact that the association was insured by the FSLIC, the reference to the statute was adequate to inform the defendant of that element of the offense, if in fact there was any doubt.

Applying the liberal standard of review to an indictment challenged at the conclusion of the government's case, we conclude that the indictment, by reference to the statute, adequately described a federally insured savings and loan association. The order granting Coleman's motion for judgment of acquittal is REVERSED.