846 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Lynwood BLACKSTON, Defendant-Appellant.
 No. 87-6124.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 27, 1988.
Decided April 11, 1988.
 
 Jeffrey Lynwood Blackston, appellant pro se.
 Herbert Better, Office of United States Attorney, for appellee.
 Before WIDENER, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jeffrey Lynwood Blackston appeals the district court's order denying the relief sought in Blackston's motion to vacate his conviction filed pursuant to 28 U.S.C. Sec. 2255.* We affirm.
 
 
 2
 Blackston was convicted in 1984 for robbery of a federal credit union (18 U.S.C. Sec. 2113(a)(h)), larceny of a federal credit union (18 U.S.C. Sec. 2113(b)(h)), assault with a dangerous weapon in the commission of the robbery (18 U.S.C. Sec. 2113(d)(h)), and aiding and abetting (18 U.S.C. Sec. 2). In his Sec. 2255 motion, Blackston sought to have his conviction vacated on the ground that the government failed to allege or prove at trial that the federal credit union which he was charged with robbing was insured by the Federal Deposit Insurance Corporation (F.D.I.C.) at the time of the robbery. Citing a stipulation made by the defense at Blackston's trial that the institution in question was a "federal credit union" on the date of the alleged robbery, the district court denied the motion to vacate because the federal bank robbery statute (18 U.S.C. Sec. 2113) did not require proof that the credit union was insured by F.D.I.C.
 
 
 3
 We agree with the district court's interpretation of 18 U.S.C. Sec. 2113(h). The federal bank robbery statute does not require proof that a federal credit union was insured by F.D.I.C. on the date it was robbed to sustain a conviction under the statute. 18 U.S.C. Sec. 2113(h); United States v. Sebetich, 776 F.2d 412, 425-26 (3d Cir.1985), cert. denied, 56 U.S.L.W. 3460 (U.S. Jan. 11, 1988) (No. 87-5859); United States v. Coleman, 656 F.2d 509, 511 (9th Cir.1981).
 
 
 4
 We dispense with oral argument because the dispositive issue has recently been decided authoritatively and because oral argument would not aid our resolution of the issue.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Because Blackston's motion challenges the validity of his conviction rather than the legality of the sentence imposed on that conviction, it is treated under 28 U.S.C. Sec. 2255 rather than Fed.R.Crim.P. 35. See Hill v. United States, 368 U.S. 424, 430 (1962)