99 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael PALMIERI, Defendant-Appellant.
 No. 95-10548.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1996.*
Decided Oct. 21, 1996.
 
 1
 Before: BEEZER and THOMPSON, Circuit Judges, and GILLMOR,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Michael Palmieri appeals from the district court's denial of his motion to vacate his sentence. Palmieri pleaded guilty to one count of possessing a counterfeited security of an organization with the intent to deceive another organization, in violation of 18 U.S.C. § 513(a). Although the plea agreement provided that Palmieri waived his right to appeal issues relating to his sentence, Palmieri seeks to vacate his sentence because, he contends, the indictment failed to allege the jurisdictional element under section 513(a). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 FACTS
 
 4
 In June 1992, a grand jury returned an indictment against Palmieri and sixteen other people. The indictment alleged that the defendants cashed several checks, primarily at casinos, which appeared to be legitimate payroll checks. The checks, however, were drawn on closed accounts or accounts with insufficient funds, from businesses that were either shell companies or no longer operating. Palmieri was named in count one which alleged a conspiracy to negotiate fraudulent payroll checks, and in count ten which alleged that he had possessed and cashed fraudulent payroll checks at a particular casino, in violation of section 513(a).
 
 
 5
 In February 1993, pursuant to a plea agreement, Palmieri pleaded guilty to count ten. The plea agreement provided: "Defendant hereby waives any right to raise and/or appeal any and all motions, defenses, probable cause determinations, and objections ... to the court's ... imposition of sentence under Title 18, United States Code, Section 3742 (sentence appeals)." The district court sentenced Palmieri to two years probation.
 
 
 6
 In June 1994, the district court revoked Palmieri's probation and sentenced him to three months incarceration and three years of supervised release. In October 1995, the government filed a petition to revoke Palmieri's supervised release. In response, Palmieri filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. The district court denied Palmieri's motion, revoked his supervised release, and sentenced him to eight months incarceration. Palmieri now appeals from the district court's refusal to vacate his sentence.
 
 DISCUSSION
 
 7
 Palmieri argues that the indictment failed to allege a federal offense against him because the indictment did not properly allege the jurisdictional element under section 513. The prosecution contends we should reject this argument because Palmieri pleaded guilty to the section 513 count and waived the right to appeal issues relating to his sentence.
 
 
 8
 We review de novo whether Palmieri waived his statutory right of appeal. United States v. Khaton, 40 F.3d 309, 311 (9th Cir.1994). The right to appeal is not a constitutional right, but is "purely statutory." United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991); see also United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir.1990), cert. denied, 503 U.S. 942 (1992).
 
 
 9
 Palmieri did not waive his statutory right to raise on appeal his argument that the indictment did not allege a federal offense against him. United States v. Ruelas, No. 95-10441, slip op. at 13012 (9th Cir. Sept. 30, 1996). If, as Palmieri contends, the indictment did not allege the jurisdictional element under section 513, the district court would be without jurisdiction to receive his plea, and, by their consent, the parties cannot confer subject matter jurisdiction on the court. Id.
 
 
 10
 We review de novo the sufficiency of an indictment. United States v. James, 980 F.2d 1314, 1316 (9th Cir.1992), cert. denied, 510 U.S. 838 (1993). Because Palmieri did not object to the indictment until after he pleaded guilty, we liberally construe the indictment. Id. at 1317-18 (9th Cir.1992); United States v. Coleman, 656 F.2d 509, 510-11 (9th Cir.1981).
 
 
 11
 Palmieri pleaded guilty to a violation of 18 U.S.C. § 513(a). Section 513(a) makes it illegal to "make[ ], utter[ ] or possess[ ] a forged security ... of an organization, with the intent to deceive another person, organization, or government...." The term "organization" is defined as "a legal entity.... or any other association of persons which operates in or the activities of which affect interstate or foreign commerce." 18 U.S.C. § 513(c)(4).
 
 
 12
 Count ten of the indictment alleged that Palmieri
 
 
 13
 did possess and utter forged securities of an organization with intent to deceive another person and organization, to wit: The Defendants and others did possess and cash twenty (20) checks of an organization as defined under statute, to wit, "Delco Enterprises, Inc." at the Nevada Palace, Las Vegas, Nevada, in the approximate amount of $15,423.00, said checks being falsely endorsed, and the Defendants did cash said checks at the King 8 Gambling Hall, Las Vegas, Nevada.
 
 
 14
 By his plea, Palmieri admitted the factual basis for jurisdiction under section 513(a). United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987). Specifically, Palmieri conceded that he possessed checks of an organization whose activities affected interstate commerce, as defined by section 513(a).
 
 
 15
 Palmieri, however, argues that he admitted only to the jurisdictional theory that we rejected in United States v. Barone, 71 F.3d 1442 (9th Cir.1995). In Barone, one of Palmieri's codefendants appealed his conviction after a jury found the codefendant violated section 513(a). We reversed his conviction because, at trial, the prosecution had failed to prove that the shell companies on whose accounts the checks were drawn were organizations affecting commerce as defined by section 513(a). We rejected the prosecution's argument that the shell companies affected interstate commerce because some of the victims of the check-cashing scheme operated in interstate commerce. To satisfy the affecting commerce element, the prosecution must establish "the entity whose securities are forged itself operates in or affects interstate commerce." Id. at 1445 (emphasis in original).
 
 
 16
 Palmieri may not challenge the indictment and his plea of guilty by relying on a failure of proof in a codefendant's subsequent trial. Cf. United States v. Maybusher, 735 F.2d 366, 370 (9th Cir.1984), cert. denied, 469 U.S. 1110 (1985); United States v. Guy, 903 F.2d 1240, 1242 (9th Cir.1990). In Barone, we did not invalidate the section 513(a) count in the indictment on jurisdictional grounds. We merely concluded that, at trial, the prosecution had failed to present evidence that the organizations affected commerce as defined by section 513(a). Palmieri, by his plea of guilty, admitted the jurisdictional facts of the charged offense. The prosecution's failure to prove the interstate commerce element in his codefendant's trial is irrelevant.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Helen Gillmor, District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3